NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STACEY MURRAY,

     Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

     Defendant-Appellee.

No. 22-35410

D.C. No. 1:20-cv-00140-TJC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Argued and Submitted April 17, 2023
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Plaintiff Stacey Murray appeals the district court's affirmance of the Commissioner of Social Security's denial of disability benefits. We have jurisdiction. 28 U.S.C. § 1291. We review the district court's decision de novo. *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022). We must affirm if the Administrative Law Judge's ("ALJ") factual findings are supported by substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidence and if the ALJ's decision was free from legal error. *Id.* The parties are familiar with the facts of the case, so we do not recite them. We affirm.

1. The ALJ harmlessly erred at step three of the sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ wrote only that the record does "not include evidence of nerve root compression" as is required for Listing 1.04A, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §1.04(A) (2020), but the record plainly does include some such evidence. Murray's providers repeatedly observed cervical radiculopathy, cervical radiculitis, and moderate to severe neural foraminal narrowing. The ALJ erred by failing to articulate any other reasoning. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). But this error is harmless because Murray's counsel conceded at oral argument that the record lacks any evidence of motor loss. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." (footnotes omitted)).

2. The ALJ provided clear and convincing reasons to discount Murray's subjective symptom testimony. *See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (noting conduct inconsistent with subjective complaints, as well as drug-seeking behavior); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may

2

consider any work activity, including part-time work, in determining whether a claimant is disabled . . . .").

3. The ALJ did not improperly discount an opinion from a treating physician. Murray cites no "opinion" attesting to Murray's specific functional limitations. *See* 20 C.F.R. § 404.1513(a)(2) (defining "medical opinion"); *cf. Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (holding that the ALJ did not need to provide clear and convincing reasons to reject a doctor's report because it did not assign limitations contradicting the ALJ's conclusions).

4. The ALJ incorporated all relevant functional limitations into the hypothetical question posed to the vocational expert. Murray cites no precedent requiring the ALJ to calculate the frequency of her past medical appointments for various issues and then incorporate those appointments into the residual functional capacity in the form of missed work. *Cf. Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (affirming because the residual functional capacity was "largely consistent with [the claimant's] testimony").

**AFFIRMED.**